IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00280-JR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DAVID PEARL, | |
| Defendant. | |

RUSSO, Magistrate Judge:

    Defendant David Pearl moves this Court to grant a jury trial on all counts. For the reasons stated below, defendant's motion is denied.

Page 1 – OPINION AND ORDER

## BACKGROUND

Defendant is charged with two class C misdemeanors for his participation in protests and demonstrations against the federal government and the U.S. Immigration and Customs Enforcement (ICE) agency actions. Gov't Trial Mem. pgs. 1-4 (doc. 31). Defendant's first count resulted from his participation in protests outside the ICE facility located at 4310 South Macadam Avenue on June 21, 2025. *Id*. In that instance, defendant is alleged to have stood in the driveway and blocked vehicle entry and exit at the facility. *Id*. Despite pre-recorded announcements directing protestors to clear the driveway, defendant – along with others – refused to move from the driveway. *Id*. He was taken into custody and cited for failure to obey a lawful order in violation of 41 C.F.R. § 102-74.385. After being cited, defendant was released. *Id*.

On June 29, 2025, defendant returned to the ICE facility. *Id*. This time, defendant walked onto the property's driveway and grabbed onto another protestor, attempting to prevent their arrest. *Id*. Defendant was taken into custody and cited for impeding or disrupting the performance of official duties by government employees in violation of 41 C.F.R. § 102-74.390. He was again released after being cited a second time. *Id*.

A court trial is scheduled for February 10, 2026. On February 2, 2026, defendant filed a motion for a jury trial for his two class C misdemeanors.

## DISCUSSION

Generally, the Sixth Amendment has reserved the right to a jury trial "for prosecutions of serious offenses[.]" *United States v. Wallen*, 874 F.3d 620, 625 (9th Cir. 2017) (internal citation omitted). In determining the seriousness of the offense, courts place primary emphasis on the maximum authorized period of incarceration. *United States v. Nachtigal*, 507 U.S. 1, 3 (1993)

(citation and internal quotations omitted). "Any crime punishable by a prison sentence of more than six months is serious, triggering the Sixth Amendment right to trial by jury." *United States v. Clavette,* 135 F.3d 1308, 1309 (9th Cir. 1998). Alternatively, "[a]ny offense punishable by a prison term of six months or less is presumed to be petty." *Id.* "Courts presume that an offense is petty when it carries a maximum term of imprisonment of six months or less. The maximum period of incarceration is not the only relevant form of punishment, but it is the most important." *United States v. Stanfill El,* 714 F.3d 1150, 1152 (9th Cir. 2013).

To overcome a petty offense presumption, a defendant must show "that the additional penalties, viewed together with the maximum prison term, are so severe that the legislature clearly determined that the offense is a 'serious' one." *Nachtigal*, 507 U.S. at 4. Evidence of additional punishment may include the imposition of large fines, long periods of probation, or forfeiture of substantial property. *United States v. Ballek,* 170 F.3d 871, 876 (9th Cir. 1999). Nonetheless, the imposition of additional penalties does not automatically convert a petty offense into a serious crime. *Id.*

A six-month sentence in conjunction with restitution does not turn a petty offense into a serious crime that would entitle a defendant to a jury trial. In *Ballek*, the defendant was sentenced to six months in prison and ordered to pay $56,916.71 as restitution for failing to meet his child support obligations. *Id.* at 873. The defendant contended that he was entitled to a jury trial because his imprisonment in addition to restitution exceeding $50,000 converted the offense into a serious one. *Id.* at 876. The court held that the restitution was not an additional penalty, but a recognition of a debt that he already owed. *Id.* Therefore, he was not entitled to a jury trial. *Id.*

Similarly, exposure to lengthy probation terms does not transform the seriousness of a petty offense. In *Wallen*, the defendant was convicted of violating the Endangered Species Act.

Page 3 – OPINION AND ORDER

*Wallen*, 874 F.3d at 623. He was sentenced to three years of probation, the first sixty days of which he had to serve at a pre-trial detention center and ordered to pay restitution. *Id.* The court held that exposure to lengthy probation along with restitution does not convert an offense into a serious one. *Id.* at 626. As a result, the court concluded he was not entitled to a jury trial. *Id.* at 627.

Here, defendant is charged with one count of Failing to Obey a Lawful Order in violation of 41 C.F.R. § 102-74.385, and one count of Creating a Disturbance in violation of 41 C.F.R. § 102-74.390(c). Individuals found guilty of violating these statutes "shall be fined under title 18 of the United States Code, imprisoned for not more than 30 days, or both." 41 C.F.R. § 102-74.450. Defendant argues that the Constitution's guarantee of a jury trial extends to *all* criminal prosecutions, including petty offenses. Def's Mot. Jury Trial pg. 2 (doc. 25). Moreover, defendant contends that the Supreme Court has erred in applying the text of the Constitution and creating a narrow exception where jury trials are not guaranteed. *Id*.

As defendant acknowledges, his argument is not supported by any binding precedent. The Supreme Court and Ninth Circuit court have repeatedly rejected the argument that petty offenses should be entitled to the Sixth Amendment guarantee. An offense carrying a sentence of six months or less is not sufficiently severe by itself to turn what would otherwise be a petty offense into a serious crime. Here, defendant's maximum term of imprisonment is thirty (30) days, a penalty substantially lower than that faced by the defendant in *Ballek*. That binding precedent compels this Court to reject defendant's request to extend the right to a jury trial to misdemeanor offenses properly classified as petty offenses.

Alternatively, defendant argues this case is a "rare situation" where a jury trial attaches even though the maximum potential sentence is less than six months. *Id*. at pg. 5. Defendant

contends that the injuries he sustained during his arrest along with the conditions of his pre-trial release (e.g., defendant is banned from protesting at the federal ICE building), amount to additional penalties that render his offense "so severe" that it is converted into a "serious" offense. *Id*.

Defendant's injuries occurred during his arrest. The Court finds no support to attribute defendant's injuries to any sort of penalty that would render his offense serious. Moreover, the determination of whether additional penalties should convert an offense into a serious crime is centered around the penalties sought in addition to the prison term, not around pre-trial release conditions. Here, defendant has not been convicted of any crime; therefore, the protest ban imposed on defendant was a condition for his pre-trial release, not a penalty for any conviction. Defendant offers no further evidence of other onerous penalties that would allow the Court to find that his offense should be deemed serious enough to entitle him to a jury trial.

As noted above, courts have declined to extend the Sixth Amendment to far more serious offenses. In *Ballek* and *Wallen*, defendants faced lengthier imprisonment terms along with substantial resti[1]tution orders. Even there, courts refused to turn an otherwise petty offense into a serious one. *See also, United States v. Stansell,* 847 F.2d 609, 612 n.3 (9th Cir. 1988) (denying the defendant's motion for a jury trial and noting "[i]t has been a common practice to have bench trials for cases under [the predecessor to 41 C.F.R. 102-74.385 and other subparts, including the predecessor to 41 C.F.R. 102-74.390], even when the first amendment is undoubtedly implicated") (collecting cases). In the absence of lengthy probation periods, excessive fines or forfeiture of substantial property, defendant fails to show extenuating circumstances that would

trigger a jury trial. Therefore, this Court declines to extend the Sixth Amendment to offenses such as this one.

## RECOMMENDATION

For the foregoing reasons, defendant's Motion for a Jury Trial (doc. 25) is denied.

DATED this 9th day of February, 2026.

                                            /s/ Jolie A. Russo
                                                       Jolie A. Russo
                                          United States Magistrate Judge