**Thomas Freedman**, OSB No. 080697
Email:  thomas@prllaw.com
PEARL LAW LLC
838 SW 1st Avenue Suite 400
Portland, OR  97204
Tel: (503) 486-4629 | Fax: (503) 217-5510

*Counsel for Defendant David Pearl*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   *Plaintiff*,<br><br>     -against-<br><br>DAVID PEARL,<br><br>               *Defendant*. | Case No. 3:25-cr-00280-SI<br><br>**DEFENDANT'S**<br>**<u>REPLY BRIEF</u>**<br><br>**Oral Argument:**<br>**June 29, 2026 at 2:00 p.m.** |

On Appeal from the United States Magistrate Court for the District of Oregon

The Honorable Jolie Russo
United States District Court Magistrate Judge

**TABLE OF CONTENTS**

Table of Authorities ............................................................................................................. ii

Introduction and Summary of Argument in Reply ...........................................................1

Argument in Reply..............................................................................................................2

I.      The government fails to explain how the evidence satisfied the
        "actual notice" requirement .................................................................................2

II.     The government fails to establish that Mr. Pearl willfully entered
        onto federal property...........................................................................................6

Conclusion ...........................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*United States v. Andrews*,
   75 F.3d 552 (9th Cir. 1996) ...................................................................................5, 8

*United States v. Baldwin*,
   745 F.3d 1027 (10th Cir. 2014) ............................................................... 1, 3-4, 7

*United States v. Bichsel*,
   395 F.3d 1053 (9th Cir. 2005) ...........................................................1, 2, 3, 4, 5

*United States v. Brice*,
   926 F.2d 925 (9th Cir. 1991) .........................................................................7

*United States v. Cassiagnol*,
   420 F.2d 868 (4th Cir. 1970) ............................................................... 3-4

*United States v. Davis*,
   339 F.3d 1223 (10th Cir. 2003) ............................................................... 2-3

*United States v. Dinkane*,
   17 F.3d 1192 (9th Cir. 1994) .........................................................................5

*United States v. Huizar*,
   762 F. App'x 391 (9th Cir. 2019) .........................................................................5

*United States v. Marotz*,
   75 F. Supp. 3d. 1167 (N.D. Cal. 2014) ...................................................................3

*United States v. Stansell*,
   847 F.2d 609 (9th Cir. 1988) .........................................................................5

## OTHER

41 C.F.R. § 102-74.385...................................................................................2, 6

41 C.F.R. § 102-74.390...................................................................................6

ii

**INTRODUCTION AND SUMMARY OF ARGUMENT IN REPLY**

Mr. Pearl appeals his convictions for two regulatory misdemeanors following a bench trial before Magistrate Judge Jolie Russo, which arose from two separate incidents in which Mr. Pearl was engaged in protest activity outside the ICE facility in Portland, Oregon. The government in its answering brief asks to affirm both convictions but offers little authority for its position and fails to meaningfully respond to Mr. Pearl's arguments.[1]

Regarding "actual notice," the Ninth Circuit is among the circuits that "have treated proof of posted (or actual) notice as a *required element* of regulatory crimes." *United States v. Baldwin*, 745 F.3d 1027, 1034 (10th Cir. 2014) (emphasis added) (collecting cases). The government concedes it offered no evidence of posted notice and relies on speculation and inapplicable case law to satisfy the actual notice requirement. In so doing, the government ignores the Ninth Circuit's requirement as to *actual* notice and seeks to convict Mr. Pearl on a lesser standard of proof, akin to a constructive notice standard. The government cites no authority to support its position, which is contrary to controlling Ninth Circuit law. *See generally United States v. Bichsel*, 395 F.3d 1053 (9th Cir. 2005).

The government also fails to demonstrate that Mr. Pearl willfully entered "federal property." The government ignores Mr. Pearl's argument that, after the incident dates, the government added signage reading "*U.S. Government Property Do Not Block*." Given the lack of signage -- or posted regulations -- at the time of the incidents, the government fails to establish that Mr. Pearl knowingly and willfully entered federal property on the dates in question. Moreover, the government failed to introduce sufficient evidence concerning the boundaries and

---

[1] This brief addresses only issues related to (i) the "actual notice" requirement and (ii) federal property. With respect to the other issues raised on this appeal, Mr. Pearl relies on the arguments in his opening brief and oral argument.

property line of ICE facility, particularly regarding the 06/29/25 incident, which occurred for a few seconds at or near the outer undefined, unmarked fringe of the driveway.

## ARGUMENT IN REPLY

I.    **The government fails to explain how the evidence satisfied the "actual notice" requirement.**

The government concedes it did not meet the "posted notice" requirement, and it therefore must satisfy the "actual notice" exception for the convictions to be valid.  (Gov't Ans. Br. at 7-12).  The government, however, appears to confuse "actual notice" with "constructive notice."

In *United States v. Bichsel*, 395 F.3d 1053, 1055 (9th Cir. 2005), the Ninth Circuit recognized the "actual notice" exception to the conspicuous posting requirement.  *Bichsel* held the government satisfied the "actual notice" exception where:

> "Father Bichsel ***received warnings*** from Officer Reilley, ***and admitted to receiving such***. Officer Reilley told Father Bichsel the exact conduct that was prohibited and the consequences for disobeying. Father Bichsel understood that he was in a federal courthouse, that Officer Reilley was a police officer with a federal badge and insignia, and that he would be arrested if he did not unchain himself. Thus, Father Bichsel had actual notice of 41 C.F.R. § 102-74.385 and was lawfully arrested under the regulation."

395 F3d at 1057 (emphasis added).  *Bischel*, in turn, relied *United States v. Davis*, which similarly held that the defendant had actual notice where:

> "In the instant case, the record reflects that Mr. Davis had actual notice his activities on Broken Bow Lake could subject him to prosecution under the regulations. Testimony admitted at trial indicated Mr. Davis ***had received verbal warnings and correspondence*** from the Corps of Engineers and the Oklahoma Parks and Tourism Department that his business practices and mooring of boats was illegal. *See* rec., vol. II at 8-9, 10, 19. Ranger Citty testified that Mr. Davis ***admitted he had received this correspondence***, and that Mr. Davis presented at least one of these items to the prosecution during negotiations prior to trial. *Id.* at 22, 25. Mr. Davis himself ***testified to receiving correspondence*** from the Broken Bow lake manager informing Mr. Davis that if he rented boats or jet skis to others for use on the lake, his customers had to tow the equipment to the lake themselves. *Id.* at 40. Mr. Davis also admitted as evidence a letter ***he had received***

from one of the park managers regarding his activities. *Id.* at 42. **Mr. Davis' own admissions**, coupled with the other evidence presented at trial, make clear that he had actual knowledge of the regulations and that lake management officials considered his actions to be illegal."

339 F3d 1223, 1228 (10th Cir. 2003) (emphasis added).

By contrast, the government here presented no evidence that Mr. Pearl received "*actual notice*" of the LRAD announcement. Constructive notice is insufficient. *See Bichsel*, 395 F.3d at 1055; *United States v. Marotz*, 75 F. Supp. 3d. 1167, 1172 (N.D. Cal. 2014) ("In almost every case cited by the Government, however, the defendant either acknowledged that his conduct was illegal, or he was given notice that it was.").

The government primarily relies on two cases from other circuits that do not address actual notice. First, the government relies on *dicta* from a Fourth Circuit decision in *United States v. Cassiagnol*, 420 F.2d 868, 870 (4th Cir. 1970) for the proposition that loudspeaker announcements can provide sufficient notice. *Cassiagnol*, however, did not involve the "actual notice" exception; there, the required regulations "were *posted* in all main entrances of the Pentagon and in the lots throughout the Pentagon grounds, including the North and South parking areas." 420 F.2d at 870-71 (emphasis added); *see also Bichsel*, 395 F.3d at 1055 (*Cassiagnol* did not "reach the issue of actual notice").[2]

Second, the government relies on *United States v. Baldwin*, a Tenth Circuit case where the defendant argued the government failed to prove he acted "knowingly" because he could not hear the direct commands due to "hearing trouble." 745 F.3d 1027, 1033 (10th Cir. 2014). In *Baldwin*, as with *Cassiagnol*, "actual notice" was not before the court. Defendant's "hearing

---

[2] Moreover, in *Cassiagnol*, the demonstrators' conduct included "crossing over and through an established line of United States marshals into a restricted area and then refusing to remove themselves from such area when ordered to do so." 420 F.2d at 871. That is not the facts of this case even if *Cassiagnol* were addressing actual notice.

trouble" argument was made in the context of a "knowingly" defense and not whether the notice requirements were met.  Regarding notice, the defendant argued for the first time on appeal that the convictions were invalid because the regulations were not *posted* on the property; he did not argue lack of "actual notice" either at trial or on appeal.  The Tenth Circuit rejected defendant's lack of posting argument because the defendant failed to raise it at trial.  *Id*. at 1034 ("[Defendant] complains only that the government failed to prove that it *posted* a notice.  And the problem with this rather formal argument is itself pretty formal: Mr. Baldwin never raised it at trial.") (emphasis in original).  Moreover, the *Baldwin* court declined to address the argument as "plain error" because "some circuits have treated proof of posted (or actual) notice as a required element of regulatory crimes . . . [while] other circuits have refused to read the posting requirement as a prerequisite to prosecution and indeed found it irrelevant to any prosecution." *Id*. (collecting cases).  Notably, as the government appears to ignore, the Ninth Circuit is among the circuits that treat "proof of posted (or actual) notice *as a required element of regulatory crimes*." *Id*. (emphasis added).  *See Bichsel*, 395 F.3d at 1055.  Thus, both *Baldwin* and *Cassiagnol* are inapposite to the actual notice issue in this case.

The government also argues that the actual notice exception was satisfied here because unidentified officers likely gave verbal warnings directing the "crowd" to disperse.  But the testimony concerning the supposed verbal warnings is too speculative to satisfy the "actual notice" exception:

> "Q. And if people failed to comply after these directives to get off the driveway, if they failed, *what would happen next*?
>
> A. [Inspector Cranmore]: When we exited the facility to clear the driveway, *we would be* giving verbal commands to clear the driveway, as well as hand and arm signals to encourage them to leave the property.
>
> Q. Did that work sometimes?

A. Sometimes."

ER-67 (emphasis added).  The government submitted no evidence as to when these unspecified verbal commands were actually given, what was specifically said, to whom they were given, or which officers gave the verbal commands.[3]

The government argues that this vague testimony amounts to circumstantial evidence of actual notice.  "While '[c]ircumstantial evidence can be used to prove any fact, ... mere suspicion or speculation will not provide sufficient evidence.'"  *United States v. Andrews*, 75 F.3d 552, 556 (9th Cir. 1996) (quoting *United States v. Dinkane*, 17 F.3d 1192, 1196 (9th Cir. 1994)).  Here, the officers' testimony about vague commands lacks any specificity or personal knowledge, and amounts to nothing more than speculation as to whether *Mr. Pearl* received actual notice.  *Compare United States v. Stansell*, 847 F.2d 609, 610 (9th Cir. 1988) (regulatory convictions upheld where "FPS officials advised *defendants individually* to move and were again refused") (emphasis added).[4]

---

[3] *Compare United States v. Huizar*, 762 F. App'x 391, 392 (9th Cir. 2019) (unpublished) (identifying a number of qualities that "basic principles of due process likely require" for a "lawful direction" to form the basis of a criminal prosecution, including that "officers gave defendants an unambiguous command (often multiple times); officers ensured that the command was understood; officers communicated that defendants would be arrested for failing to comply with the order; and defendants were given a reasonable opportunity to comply") (collecting cases).

[4] The government also argues that, regarding the 06/29/25 incident, Mr. Pearl had actual notice based on "common sense."  (Gov't Ans. Br. at 14-16).  The government again misreads *Bischel.* In *Bischel*, the Ninth Circuit did not hold that "common sense" alone could satisfy the "actual notice" requirement but merely noted that where the actual notice exception is otherwise satisfied with evidence, it is consistent with "common sense."  *See Bichsel*, 395 F3d at 1057 ("An actual notice exception to the conspicuous posting requirement is in lock step with fair notice and common sense.").

In any event, the trial court based its "actual notice" finding on the LRAD warnings and not on speculative verbal commands given by the officers:

> "Regarding notice, as stated earlier by the Court, I do find that notice was received by the defendant in the form of the multiple LRAD warnings that delineated the prohibited conduct and the consequences for disobeying, as well as the government exhibits, the video showing the location of Mr. Pearl on the dates and times in question, as well as the testimony of the four agents."

ER-175.

The bottom line is the only evidence *concerning Mr. Pearl* offered by the government is the three silent video clips showing Mr. Pearl outside the ICE facility for 17 seconds on 06/21/25 and five seconds on 06/29/25.  *See* Exhibits 8, 11, and 12.  Aside from those clips, none of the officers provided any specific testimony concerning Mr. Pearl, including any testimony that Mr. Pearl heard or was given any warnings.  This evidence is insufficient to prove "*actual notice.*"  As noted, the Ninth Circuit is among the circuits that treat "proof of posted (or actual) notice *as a required element* of regulatory crimes," and the government failed to submit evidence sufficient to satisfy that required element.

## II.    The government fails to establish that Mr. Pearl willfully entered onto federal property.

The government also fails to demonstrate that Mr. Pearl willfully entered onto "federal property."  The government argued in its trial memorandum that both counts require the government to prove that Mr. Pearl "*willfully* entered onto federal property."  ER-207 (Gov't Trial Mem. at 5) (emphasis added) (citing 41 C.F.R. § 102-74.385 and 41 C.F.R. § 102-74.390).  On appeal, the government does not directly address this assertion but argues that "the government had the burden at trial of proving that defendant's conduct *took place* on" federal property.  (Gov't Ans. Br. at 5) (emphasis added).

The caselaw indicates the government must prove that a defendant acted "knowingly and willfully," but does not specify how the *mens rea* requirement applies to each element, including entering federal property. *See United States v. Brice*, 926 F.2d 925, 928 (9th Cir. 1991) ("To establish a violation of 41 C.F.R. § 101–20.305, the government was required to prove (1) that the conduct occurred on government property, (2) that the regulation proscribing the conduct was posted in a conspicuous place on the property, (3) *that Brice acted knowingly and willfully*, (4) that Fink was a government employee, and (5) that the conduct impeded or disrupted Fink in the performance of her official duties.") (emphasis added) (footnotes omitted); *see also Baldwin*, 745 F.3d at 1032-33 (reading a "knowingly" *mens rea* requirement into regulatory crimes).

Under the circumstances of this case, Mr. Pearl submits the government must show that he "knowingly and willfully" entered federal property. The evidence at trial indicated that federal agents painted a blue line in front of the driveway *after* the incident dates with the following message: "*U.S. Government Property Do Not Block.*" ER-53, 79, 105, 123, Ex. 512 (ER-190) and Ex. 513 (ER-191). Because the sign was not there prior to the incidents, and because the regulations were not posted at the entry to the facility or in a conspicuous place on the property, the evidence was insufficient to demonstrate that Mr. Pearl "knowingly and willfully" entered onto federal property. Notably, the government does not address Mr. Pearl's arguments concerning the post-incident signage anywhere in its briefing.

Moreover, regardless of *mens rea*, the government failed to introduce sufficient evidence concerning the boundaries and property line of ICE facility to establish that the conduct occurred on "federal property." The evidence is particularly lacking regarding the 06/29/25 incident. There, Mr. Pearl was arrested near the outer fringe of the driveway during a chaotic encounter that lasted a few seconds. *See* Exhibits 11 and 12. The government did not offer sufficient

evidence establishing that the undefined, unmarked outer fringe of the driveway was "federal property" for purposes of the regulatory crime at issue.  *See Andrews*, 75 F.3d at 556 ("mere suspicion or speculation will not provide sufficient evidence" to establish a fact).

**CONCLUSION**

For the foregoing reasons and those in the opening brief, Defendant David Pearl respectfully requests that the Court enter judgments of acquittal if the Court finds the evidence insufficient, or alternatively, reverse and vacate the convictions and remand the case for such proceedings as are necessary.

Dated:  June 24, 2026                                Respectfully submitted,

PEARL LAW LLC

By: *thomas freedman*
_____
**Thomas Freedman,** OSB No. 080697
*Attorney for Defendant David Pearl*